IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERNEST MEDINA, | ) | 8:14CV349 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TITLE 5 USC 552, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ernest Medina ("Plaintiff") filed his Complaint (Filing No. 1) on November 7, 2014. He was granted leave to proceed in forma pauperis on November 19, 2014. (*See* Filing No. 9.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Lancaster County Jail in Lincoln, Nebraska. He purports to sue a federal statute. Specifically, Plaintiff seeks to sue the Freedom of Information Act, 5 U.S.C. § 552. He alleges:

> THE FREEDOM OF INFORMATION ACTS EXEMPTION CLAUSE IS TOO BROAD, IT INCLUDES ADMINISTRATIVE INTERNAL AFFAIRS INVESTIGATIONS
>
> EVERY FORM OF GOVERNMENT HAS THE RIGHT TO WITHHOLD ADMINISTRATIVE FINDINGS IN INTERNAL AFFAIRS INVESTIGATIONS
>
> THIS ALLOWS MISCONDUCT TO BE COVERED UP BY THE ADMINISTRATIVE GOVERNMENT

(Filing No. 1 at CM/ECF p. 2.)  Plaintiff does not state what relief he seeks other than to state that he "WOULD LIKE A 3-JUDGE PANEL."  (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

2

law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982) (citations omitted).  Generally, there are three requirements for Article III standing.  First, there must be an injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendants, and has not resulted from the independent action of some third party not before the court.  Third, there must be a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The party invoking federal jurisdiction bears the burden of establishing each of these elements.  *Id.*

Here, Plaintiff has sued a federal statute and charges it with being "too broad."  Plaintiff does not allege how he, personally, has been injured by the statute or what relief he seeks.  Indeed, it is entirely unclear what the *case* or *controversy* is in this matter.

On the court's own motion, out of an abundance of caution, the court will give Plaintiff 30 days in which to file an amended complaint that clearly sets forth his claims for relief and names a proper defendant.[1]  If Plaintiff fails to file an amended

---

[1]Assuming Plaintiff's Complaint is one brought under 42 U.S.C. § 1983, the Freedom of Information Act is not a "person" for purposes of § 1983 and therefore not

3

complaint in accordance with this order, this case will be dismissed without prejudice and without further notice. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to file an amended complaint that clearly states a claim upon which relief may be granted. If Plaintiff fails to file an amended complaint, this case will be dismissed without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 27, 2015**: Check for amended complaint

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this order.

DATED this 26th day of March, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

a suable entity under that statute.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.